Cook et al. *v.* Heald et al.

---

THEODORE F. COOK *et al.*, Appellants, *v.* ALEXANDER H. HEALD *et al.*, Appellees.

### APPEAL FROM COOK.

Whoever attempts to enforce a mechanics' lien, must bring himself within the terms of the statute, by showing that the original contract required the work to be done, and the money to be paid therefor, within the times severally fixed by the statute for those purposes. These times must be determined when the contract is first entered into, and not by subsequent changes and alterations of it.

The petition should aver that the times for delivery, performance, and payment, are within the several periods named by the statute, and these averments must be proved, so that the court may know that the conditions required by the statute have been complied with.

A petition which fails to aver when the work was completed, is bad—a contract which does not specify a time within which the work is to be completed and the money is to be paid, is defective.

The appellees, Alexander H. Heald and Levi H. Waterhouse, on the 9th February, 1857, filed in the Circuit Court of Cook

county, a petition for a mechanics' lien, setting forth that on or about the 26th June, 1856, they being mechanics, Theodore F. Cook entered into an agreement in writing, with them, (which, with the specifications therein alluded to, are attached to and form part of said petition,) whereby they agreed, in consideration of the payments to be made by said Cook, to build, finish and complete, in a workmanlike manner, to the satisfaction of William W. Boyington, superintendent, the masonry work of a pressed brick front dwelling, to be erected on Wabash Avenue, according to said contract and specifications, and the said Cook thereby agreed to pay them for the work so to be done and materials so to be furnished, $2,781, as the work should advance on estimates, fifteen per cent. to be reserved until work done, and certificate of superintendent that they were entitled to it; Cook reserved right to alter and modify, and in case of alteration, to pay for extra work and labor thereby occasioned; that about 1st July, 1857, they commenced to work and furnish materials under said contract, and also did and furnished extra work, labor and materials, at the request of said Cook, to $151.20; that all the work under the contract, and the extra work had been finished and approved by said William W. Boyington, by his certificate in writing, which is annexed to petition; that the lot of land upon which the said pressed brick front dwelling was to be erected by them by terms of said agreement, is the 25 feet front and rear, off the south side of sub-lot 1, lot 4, block 22, Canal Trustees' subdivision of fractional section 15, town 39, range 14, 3 P. M., in the city of Chicago, and State of Illinois; that $1,850 had been paid them on contract, and $100 on extra work, balance due them, of $982.70; that said T. F. Cook purchased the said premises of H. H. Husted, who gave said Cook an agreement in writing, whereby, in consideration of certain payments to be made, he agreed to execute a deed of said premises to said Cook; that a part of the purchase money had been paid, and a part still undue and unpaid; that Isaac Cook and the rest of the appellants, except Burgess, claim to have some interest or lien upon said premises.

Wherefore, they pray that said last named parties and Theodore F. Cook, be made parties defendant, and that a summons might issue to them to appear and answer, as required by the statute; for judgment against T. F. Cook for the amount due, with interest, which might be a lien upon the premises and dwelling-house, to the whole value of the dwelling-house, and to the extent of the interest of Cook, in said land, at the time of making said contract for mason work and materials, and that a sale of said right and interest might be ordered, and the proceeds thereof applied to the discharge of said judgment, accord-

ing to the statute, and that said defendants last above named, might be barred and foreclosed of and from all claim and interest in and to said premises, and for further and other relief, etc.

Time.   Owner to give possession of the ground on or before the 1st day of May, 1856; contractor must agree to build the walls and chimneys ready for the roof, on or before August 1st, 1856, and fully complete the plastering of the building within thirty days after the same is declared by the superintendent ready for lathing, and must complete the whole job of masonry within thirty days.   Payments to be made on the work as might thereafter be agreed.

Articles of agreement, made June 26th, 1856, between Heald and Waterhouse, of the first part, and Theodore Cook of second part; in consideration of the payment thereafter to be made to them by Cook, Heald and Waterhouse, agree to build, finish and complete in a careful, skillful and workmanlike manner, to the satisfaction of William W. Boyington, superintendent, and by and at the times mentioned in the foregoing specifications, the masonry work of a pressed brick front dwelling-house, to be erected as aforesaid according to the foregoing specifications, and plans and drawings therein referred to; and Cook, in consideration of their doing work and furnishing materials therefor, according to the contract, and to the satisfaction of William W. Boyington, and at the times mentioned in the specifications, agrees to pay them $2,781, as the work advances, upon the estimates of the superintendent, reserving fifteen per cent. until contract completed.

### CERTIFICATE OF ARCHITECT.

*Theodore F. Cook,*

| | To *Heald & Waterhouse,* | *Dr.* |
|---|---|---|
| To Building House, as per contract | | $2,781.00 |
| " Extra Stone Work in foundation | | 7.50 |
| "   "   Work altering Breast and Furnace | | 10.00 |
| " 5,300 Brick in Cistern, *a* $9. per M | | 47.70 |
| " 7 bbls. Rosendale Cement, *a* $4. per bbl | | 28.00 |
| " 5½ "  Illinois  "    2.25  " | | 12.38 |
| " 9½ days Masons on Cistern, 2.75 per day | | 26.12 |
| " 12  "  Laborers  "  1.50  " | | 18.00 |
| " ½  "  Teaming  "  3.00  " | | 1.50 |

$2,930.20

Across the face of this bill of items is written:

"I hereby certify that the within bill of extra work was done according to order, and I hereby certify to and approve the same, including the contract.
WM. W. BOYINGTON, *Superintendent.*"

Isaac Cook, made a party respondent to the bill, filed his demurrer to the petition, and for cause, shows that the said complainant hath not in and by said bill, set forth when the money to be paid under said contract, was due, or to be paid thereunder, nor that the same was due at the filing of said bill, according to the terms of said contract ; nor but that the same was payable six months and upwards, prior to the filing of said bill ; neither does it appear but that the time of completing the contract was not extended for a longer period than three years from the time of making the contract for the said building ; nor does it appear what time the work was done and completed, and that the complainant hath not made or stated such a case as doth or ought to entitle him to any such discovery or relief as is thereby sought and prayed for, from or against this defendant.

This demurrer to petition was overruled by the court.

There were divers pleadings of the parties made defendants, which are not necessarily connected with the opinion of the court, and are therefore omitted. There was a trial upon the petition, before MANNIERE, Judge, and a jury, and a verdict and decree for the complainants, directing a sale of the premises, and a distribution of the proceeds. From this decree, an appeal was taken by the respondents. Among other errors assigned, were the following :

That the court overruled the demurrer of Isaac Cook to the bill.

That the petition is defective in not alleging when the work was done—when the contract required it to be done—in not alleging that the work was to be completed within three years from making of contract, and in other respects.

That the court rendered a decree for complainant, and directed a sale of said premises.

W. T. BURGESS, for Appellants.

E. AND A. VAN BUREN, SHUMWAY, WAITE & TOWNE, and A. INGALLS, for Appellees.

WALKER, J. It is insisted that the petition, and contract upon which it is based, are insufficient to authorize a decree of the sale of the premises, to satisfy the claim of petitioners, because they do not specify any time within which the materials were to be furnished, and the labor performed. The first section of the eighth division of the " Chancery Code," (Scates' Comp. 156,) provides that, " Any person who shall by contract with the owner of any piece of land, or town lot, furnish labor or materials for erecting or repairing any building, or the appurtenances

of any building, on such land or lot, shall have a lien upon the whole tract of land or town lot, in the manner herein provided, for the amount due to him for such labor or materials." The second section extends the lien to work and labor performed, and materials furnished under the contract provided for in the first section, whether of the kind or quality of work, or amount to be paid, be specified or not: " *Provided,* that the time of completing the contract shall not be extended for a longer period than three years, nor the time of payment beyond the period of one year from the period stipulated for the completion thereof."

By the twenty-fourth section, the person holding such lien is prohibited from enforcing it, against or to the prejudice of any other creditor, or any incumbrance, unless suit is instituted within six months after the last payment for labor or materials shall have become payable. The third section provides, that when the money due for such labor or materials shall be unpaid, the lien may be enforced by filing a bill or petition in the Circuit Court of the county in which the land or lot shall be situated; and upon a hearing, to obtain an order for the sale of the same, and to have the proceeds applied in discharge of the lien. The fourth section requires that the petition shall contain a brief statement of the contract upon which it is founded, the amount due thereon, with a description of the premises subject to the lien, together with all other facts and circumstances material to a full understanding of the rights of the parties. The second section limits the time of the performance of the contract to three years, and the payment for the labor and materials to one year from the time of its completion. This provision obviously requires that the time for its performance and the payment of the money shall be determined at the time when the contract is entered into, and not by alterations and changes which may be made in the agreement after it is entered into. And if there be no time fixed and agreed upon in the contract for the performance of the labor or furnishing the materials, within three years from its execution, and for the payment within one year from the completion of the labor or furnishing the materials, a lien would not attach. The lien is given by statute, and is in derogation of the common law, and is opposed to common right, and should be strictly construed. The remedy is cumulative to the ordinary remedy given by the common law, and as it is a privilege enjoyed by one class of community, above that of all others, to be available, the party seeking to enforce it should bring himself within the terms of the statute. The courts are not justifiable in extending its provisions beyond the cases provided for in the act, and if those provisions are not

sufficiently comprehensive, the legislature alone have the power to apply the correction.

Again, the petition should have averred a time when the contract was to be performed by the agreement, and the time when the money was to be paid, within the times severally limited by the act, as these facts are material to a proper understanding, by the court, of the rights of the parties. *Logan* v. *Dunlap*, 3 Scam. R. 189; *Muller* v. *Smith*, 3 ib. 543. And on the hearing, these allegations should be proved as averred, to entitle the party to a decree. Unless they are alleged, the other parties are not apprized of the ground of recovery, and the court is unable to determine whether the labor was performed, the materials furnished, or the money was to be paid within the time prescribed, and whether the proceeding is commenced within six months after the last payment has become due.

In this case there is no allegation in the petition of a time fixed by the agreement when this work was to be performed, and that this suit was instituted within six months after the last payment became due. The petition alleges that the work was commenced on the first of July, 1856, and had been completed before suit was instituted. The petition was filed, and summons issued in February, following. The payments were to be made as the work progressed, reserving fifteen per cent. of the amount until its completion and acceptance by the architect, when the remainder was to be paid. The petition fails to aver when the work was completed, and the court could not judicially take notice, that it was impossible to have been completed within thirty days after its commencement. If the contract was performed and the work accepted by the first day of August, 1856, then this suit was not instituted within six months after the last payment fell due, and the petitioners would have no right to enforce their lien against the creditors and incumbrancers who are made parties to this proceeding. Nor does it appear, from the evidence, at what time the work was completed, nor does the contract specify any time for its completion. The petition and agreement, read in evidence, each appear to be insufficient to show the petitioners entitled to the decree.

We deem it unnecessary to examine the other assignment of errors in the case. But, for the errors already considered, the decree of the court below must be reversed and the cause remanded.

*Judgment reversed.*