## 380    Appellate Courts of Illinois.

Vol. 76.] May, Purington & Bonner Brick Co. v. Gen. Eng. Co.

# May, Purington & Bonner Brick Co. v. General Engineering Co. et al.

1. Mechanics' Liens — *In Derogation of the Common Law.*—The statute with regard to liens is in derogation of the common law, and is to be strictly construed.

2. Same—*Statement Required by Section 4.*—The provision of section 4 of the mechanic's lien law, that the statement required to be filed shall set forth the times when the material was furnished or labor performed, is material and imperative.

3. Same—*Strictness Required.*—The statute requires a true statement, verified by affidavit, of the time when the material was furnished or labor performed. A false statement of the time is fatal.

4. Same—*When it Exists.*—A statutory lien can exist only when it has been perfected in the manner prescribed by the statute authorizing it.

**Mechanic's Lien Proceeding.**—Trial in the Circuit Court of Cook county, the Hon. Oliver H. Horton, Judge, presiding. Judgment for defendants and demurrer to bill. Appeal by complainants. Heard in this court at the March term, 1898. Affirmed. Opinion filed May 9, 1898.

Cowen & Houseman, attorneys for appellant.

" In a statement, substantial compliance with the statute is sufficient." Towner v. Remick, 19 Mo. App. 205.

" Mere informality is not fatal." Knutzen v. Hanson, 28 Neb. 595.

" Mistakes that do not tend to deceive the parties interested will be overlooked." Cannon v. Williams, 14 Col. 22.

To show the leniency of the courts in this regard, it has been held that an impossible date in the bill of particulars, which was apparent on its face, was also considered as no bar to a recovery, on proof to the jury of the real date of furnishing the material; it was susceptible of correction. Hillary v. Pollock, 13 Penn. St. 186.

" If a notice is not so defective but that averments and proofs can render it certain, such averments and proofs will cure its indefiniteness." White v. Stanton, 111 Ind. 540.

ALBERT N. EASTMAN, attorney for appellees.

" A verified statement of the time when the material was furnished is one of the statutory requirements." O'Brien v. Krockinski, 50 Ill. App. 456 (460).

It is proper to raise this question by demurrer. Kinzey v. Thomas, 28 Ill. 502 (504 and 505).

" The original contractor can not bring suit to foreclose his lien until his claim for lien is filed as provided. Mc-Intosh v. Schroeder, 39 N. E. Rep. 478.

" A verified statement of the time when the material was furnished is one of the statutory requirements." O'Brien v. Krockinski, 50 Ill. App. 456.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This was a bill filed by appellant against appellee and Maria W. Sweeney for a mechanic's lien. The original bill set up a verbal contract between appellant and appellee, February 21, 1893, for the furnishing of brick by the former to the latter for the erection of a building, on certain premises described in the bill; that, in pursuance of the contract, appellant commenced, immediately, to furnish brick, and continued so to do, as the progress of construction of the building required, until March 13, 1893; that the brick furnished was used in the construction of the building; that the building constitutes a valuable and permanent improvement of the described premises, and that there is due appellant for the brick so furnished the sum of $304, with interest.

The bill further avers that July 5, 1893, appellant filed with the clerk of the Circuit Court a statement or claim of lien which is attached to and made a part of the bill, and which is as follows :

382    APPELLATE COURTS OF ILLINOIS.

VOL. 76.] May, Purington & Bonner Brick Co. v. Gen. Eng. Co.

"CHICAGO, June 24, 1893.

GENERAL ENGINEERING Co., Harvey, Ill.

Bought of MAY, PURINGTON & BONNER BRICK Co.,

Brick Manufacturers,

159 La Salle Street, Room 4.

1893.

| February 21, | Car | 3785 | 12 M brick at $8, | $ 96 |
|---|---|---|---|---|
| "    23, | "  | 14582 | 10 | 80 |
| "    27, | "  | 11068 | 12 | 96 |
| March 13, | "  | 272 | 14 | 112 |

$384

F. O. B. Chicago & Calumet Terminal at works of General Engineering Co."

"STATE OF ILLINOIS,  }
  Cook County.       }  ss.

In the clerk's office of the Circuit Court, Cook County.

MAY, PURINGTON & BONNER }
  BRICK COMPANY            }
        v.                 }  Claim for lien.
  GENERAL ENGINEERING      }
        COMPANY.           }

B. W. May, being first duly sworn, on oath says that he is the agent of the May, Purington & Bonner Brick Company, a corporation organized and doing business under and by virtue of the laws of the State of Illinois, and that the attached Exhibit 'A,' is a just and true statement of the account due May, Purington & Bonner Brick Company from General Engineering Company for brick furnished said General Engineering Company at the times in said statement mentioned, which various amounts are become due and payable, and which Exhibit 'A.' is made a part hereof; and affiant says that the brick in said statement mentioned were used in the construction and improvement of a brick office building situate upon the following described premises in the county of Cook and State of Illinois, to wit: The east three hundred and ninety-four feet of block 'G' of Harvey, a subdivision of that part of the west half of the west half of the northeast quarter of sec-

tion seven (7), township thirty-six (36) north, range fourteen (14), east of the third principal meridian south of Indiana Boundary line, lying between the Chicago & Grand Trunk Railway and the Chicago Central & Calumet Terminal Railway.

And affiant says, that there is now due and owing to said May, Purington & Bonner Brick Company from said General Engineering Company, at whose request said material was furnished as aforesaid, after allowing to it all just credits, deductions and set-offs, the sum of three hundred and eighty-four dollars, ($384,) for which amount said May, Purington & Bonner Brick Company claims a lien upon the above described premises.

B. W. May.

Subscribed and sworn to before me this 30th day of June, A. D. 1895.

[Seal.]                    Elmer H. Adams,
                              Notary Public."

The appellees pleaded that the claim of lien filed with the clerk of the Circuit Court was not truly set forth in the bill, and set out in the plea what purported to be a true copy of the claim so filed, alleging that the same was a true copy. The difference between the alleged copy of the claim of lien set out in the bill, in reference to which the question of law at issue here arises, is that immediately above the dates of the items of brick in the statement marked "Exhibit A," referred to in the bill, and which statement is a part of the claim, are the figures 1893, and in the copy of claim set out in the plea, the figures next above the same dates are 1892. In other words, by the statement of account set out in the bill as part of the claim of lien, the brick appears to have been furnished February 21st, 23d and 27th, and March 13, 1893, while by the statement of account set up in the plea the brick appears to have been furnished on the same days of the same months, in the year 1892.

Upon the filing of appellant's plea, appellees, by leave of court, amended their bill, averring, in substance, that the figures 1892 were inserted by mistake of the

384    APPELLATE COURTS OF ILLINOIS.

VOL. 76.] May, Purington & Bonner Brick Co. v. Gen. Eng. Co.

scrivener, instead of 1893, that the brick was, in fact, furnished in 1893, which appellees well knew, and that no damage had accrued to appellees by said mistake.

Appellees demurred to the bill as amended, and the court sustained the demurrer and dismissed the bill.

Section 4 of the act of 1874, in relation to liens as amended by the act of 1887, in force when the alleged contract was made, provides: "Every creditor or contractor who wishes to avail himself of the provisions of this act shall file with the clerk of the Circuit Court of the county in which the building, erection, or other improvement to be charged with the lien is situated, a just and true statement of account or demand due him, after allowing all credits, *setting forth the time when such material was furnished* or labor performed, and containing a correct description of the property to be charged with the lien, and verified by an affidavit," etc. Hurd's Stat. 1893, p. 930; Sess. Laws 1887, p. 219.

The statute with regard to liens is in derogation of the common law, and the Supreme Court has frequently decided that it must be strictly construed. Cook et al. v. Heald et al., 21 Ill. 425; Brady v. Anderson et al., 24 Ib. 110; Stephens v. Holmes, 64 Ib. 336; Canisius v. Merrill, 65 Ib. 67; Belanger v. Hersey, 90 Ib. 70; Butler et al. v. Gam, 128 Ib. 23; McDonald v. Rosengarten, 134 Ib. 126; Williams v. Vanderbilt, 145 Ib. 238; Griffin v. Booth, 152 Ib. 219; McIntosh v. Schroeder, 154 Ib. 521.

In Cook et al. v. Heald, *supra*, the court uses the following language, which is quoted with approval in subsequent cases: "The lien is given by statute, and is in derogation of the common law, and is opposed to common right and should be strictly construed. The remedy is cumulative to the ordinary remedy given by the common law, and as it is a privilege enjoyed by one class of the community above that of all others, to be available, the party seeking to enforce it should bring himself within the terms of the statute."

In Brady v. Anderson et al., *supra*, the court say: "This lien, like all others of the same character, should be fairly

enforced when the party brings himself within the provisions of the statute, but it should not be extended to cases falling within the reason, but not provided for by the language of the statute."

The provision in section 4, *supra*, that the statement required by the section shall set forth "the time when such material was furnished or labor performed," is material and imperative. Campbell v. Jacobson, 145 Ill. 389.

In the last case the court held that an omission to state in the claim of lien the times when the material was furnished and labor performed was fatal to the claim, saying, among other things: "A mechanic's lien does not exist and is not enforceable of common right, but is purely a statutory lien, and can be maintained only upon those conditions which the statute imposes." In the present case the statement filed July 5, 1893, verified by the affidavit of B. W. May, alleges that the statement of account "is a just and true statement of the account due May, Purington & Bonner Brick Company, " etc. This statement shows that the last of the brick was furnished March 13, 1892. It is stated in the bill, that the price of the brick became due and payable the 10th day of the month succeeding the last delivery of brick, which would be April 10, 1892, in accordance with the statement of claim filed with the Circuit Court clerk, July 5, 1893, more than fifteen months after April 10, 1892. It stands confessed, by the amendment of appellant's bill, that the statement in its claim of lien of the times at which the brick was furnished is untrue in fact; and if an omission to state any time is fatal to a claim of lien we can not perceive how it can be held that a false statement of the time, a statement variant from the true time by twelve months, can be held to be a compliance with the statute. The statute requires a true statement, verified by affidavit, of the time when the material was furnished, and if the omission to make such statement is fatal, how can it be held that a false statement of the time is not fatal? Certainly a false statement is not within the terms of the statute; is " not provided for by the language of the

386     APPELLATE COURTS OF ILLINOIS.

VOL. 76.] May, Purington & Bonner Brick Co. v. Gen. Eng. Co.

statute," to use the language of the Supreme Court in Brady v. Anderson, *supra*.

We are aware that this construction is strict, and that it may appear a great hardship to appellant to so construe the statute, but in view of the decisions of the Supreme Court, which we regard as in entire harmony with the law applicable to statutory liens, we can not escape the conclusion that the error in appellant's claim of lien is fatal to the claim. Jones says of statutory liens: " The courts can not extend the statute to meet cases for which the statute itself does not provide, though these may be of equal merit with those provided for." 1 Jones on Liens, Sec. 105.

" A statutory lien can exist only when it has been perfected in the manner prescribed by the statute authorizing it." Ib., Sec. 107.

Appellant's counsel contend that the amendment of the bill alleging that the date 1892 was inserted by mistake, and that appellees well knew the times when the brick was furnished, cures the error. In this view we can not concur. Nothing could cure the error in the claim filed July 5, 1893, except an amended or supplemental claim filed with the clerk of the Circuit Court within the time prescribed by the statute. McDonald et al. v. Rosengarten et al., 134 Ill. 126, 132.

Section 4 provides: "Any person having filed a claim for a lien as provided in this section, may bring a suit at once to enforce the same by bill or petition in any court of competent jurisdiction in the county where the claim for a lien has been filed."

The filing a statement, as prescribed by section 4, being made a condition precedent to the bringing suit, it seems too clear for argument that the claim of lien can not be amended after suit brought, so as to affect the suit, and that no amendment of the bill could possibly cure any error in the claim of lien.

The averment in the amended bill, that appellees knew the times when the brick was furnished and could suffer no

damage by the error in the claim of lien, can not, even though true, avail appellant.    The lien claimed must exist, if at all, by reason of appellant's compliance with the provisions of the statute, and neither the knowledge nor the ignorance of appellees of the facts can affect the vital inquiry, has appellant so complied with the statute as to entitle it to a lien.    Von Tobel v. Ostrander, 158 Ill. 499, 503.

We are of opinion that the demurrer to appellant's amended bill was properly sustained.

The decree will be affirmed.