## C. B. KELLEY

*v.*

### THE NORTHERN TRUST COMPANY.

*Opinion filed April 18, 1901—Rehearing denied June 12, 1901.*

1. STATUTES—*presumption where a statute which has been judicially construed is re-enacted.* Where the legislature re-enacts a provision of a law in almost the same words as the original, which has been judicially construed, it will be presumed that such provision was re-enacted in view of such construction.

2. MECHANICS' LIENS—*contract must fix time for completion of work or delivery of materials.* The Mechanic's Lien law of 1895 does not

authorize a lien for work done or materials furnished under a contract which specifies no time for the completion of the work or delivery of the materials, even though the work is done and the materials furnished within one year from the date of the contract. (*Freeman* v. *Rinaker*, 185 Ill. 172, adhered to.)

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

DEFREES, BRACE & RITTER, and J. A. COLEMAN, for appellant.

MILLARD R. POWERS, and DUPEE, JUDAH, WILLARD & WOLF, for appellee.

Per CURIAM: In deciding this case the Appellate Court delivered the following opinion:

"In certain proceedings in the circuit court the appellants filed an answer in the nature of an intervening petition, praying for a mechanic's lien. A demurrer to their pleading was sustained and the pleading dismissed. The pleading of appellants sets up a contract in writing with the Concord Apartment House Company for the furnishing by appellants to that company of certain lumber at certain specified prices per 1000 feet, the lumber to be delivered to the house company when ordered by it and to be paid for on or before thirty days after delivery. No time is fixed by the contract for the delivery of the lumber, nor for payment therefor otherwise than as above stated.

"Counsel for appellant say in their printed argument: 'The only question presented by this appeal is whether, under the present Mechanic's Lien law, (1895,) there is a lien for work done and materials furnished under a written contract when no time is fixed by the contract for the completion of the work or delivery of the materials, and when the work is done or material furnished within one

year from the date of the contract.' We think this question fully answered adversely to appellant in the recent case of *Freeman* v. *Rinaker*, 185 Ill. 172.

"The decree dismissing appellant's answer in the nature of an intervening petition will be affirmed."

We concur in the views expressed by the Appellate Court in the foregoing opinion, and in the conclusion reached by them. The object of the discussion in the briefs filed in this case on behalf of the appellant is to induce the court to overrule the case of *Freeman* v. *Rinaker, supra*. We are satisfied with the decision of that case, and see no reason for retreating from the views there announced. It was there held that, under those sections of the Mechanic's Lien law of 1845 therein referred to, there could be no lien where the contract in writing had no provision as to time for completion of the work or making of payment; and that the omission of the agreement as to time for completion and payment was conclusive as against the right to a lien. This construction of the act of 1845 was settled and established by the decisions in the following cases: *Cook* v. *Heald*, 21 Ill. 425; *Cook* v. *Vreeland*, id. 430; *Cook* v. *Rofinot*, id. 437; *McClurken* v. *Logan*, 23 id. 79; *Brady* v. *Anderson*, 24 id. 111; *Phillips* v. *Stone*, 25 id. 77; *Columbus Manf. Co.* v. *Dorwin*, id. 169; *Belanger* v. *Hersey*, 90 id. 70; *Adler* v. *World's Pastime Exposition Co.* 126 id. 373.

Certain provisions in the Mechanic's Lien law of 1895, as they are referred to in *Freeman* v. *Rinaker, supra,* were substantially the same as those contained in the act of 1845; and the case of *Freeman* v. *Rinaker, supra,* simply holds that they must be construed in the same way. It must be presumed that, when the legislature in the act of 1895 used substantially the same language which was used in the act of 1845, it had in view the construction which this court had placed upon the latter act, and adopted such construction as the true and intended construction to be placed upon the former act. In other

words, where the legislature re-enacts a provision of a law in almost the same words as the original, which has been judicially construed, it will be presumed that such provision was re-enacted in view of such construction. (*Catlett* v. *Young,* 143 Ill. 74; *Kirby* v. *Runals,* 140 id. 289; *Fitzpatrick* v. *Chicago and Western Indiana Railroad Co.* 139 id. 248.) The case of *Freeman* v. *Rinaker, supra,* merely applies this simple rule of statutory construction to the act of 1895.

Accordingly, the judgment of the Appellate Court is affirmed.                                    *Judgment affirmed.*