## Garden City Banking & Trust Co. et al. v. Appollonia Grabe et al.

1.  MECHANICS' LIENS—*Requirements of the Statute.*—The mechanics' lien law of 1895 does not provide for a lien when the contract is in writing and contains no provision as to the time within which the work is to be performed, or the money to be paid.

**Bill for a Mechanic's Lien.**—Error to the Circuit Court of Cook County: the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed and remanded. Opinion filed July 17, 1903.

KNIGHT & BROWN and GOLDZIER, ROGERS & FROELICH, attorneys for plaintiffs in error.

L. E. CHIPMAN, attorney for defendants in error; D. B. BRILLOW, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

Alexander Grabe filed his bill in the Circuit Court praying for a mechanic's lien on certain premises under a contract in writing made November 4, 1897, with the owner, which provides that the owner shall pay for the work contracted for "as soon as said work is done." The defendant Carl Malski, set up in his answer his claim for a lien on the same premises under a written contract made November 4, 1897, with the owner, which provides that the owner shall pay for the work contracted for " when work is finished."

No time is fixed in either contract for the performance of the work, nor for the payment therefor otherwise than as above stated.

The decree finds that the administratrix of the original complainant, Grabe, and the defendant Malski, are each entitled to a lien for work done and materials furnished under their respective contracts.

Plaintiffs in error, defendants in the court below, who there set up a lien on the premises under a mortgage recorded before the making of either of said contracts, have sued out a writ of error to reverse the decree of the court below.

That the mechanic's lien law of 1895, which was in force when these contracts were made, does not provide for a lien when the contract is in writing, and contains no provision as to the time within which the work was to be performed, or the money to be paid, was first decided by the Supreme Court in Freeman v. Rinaker, 185 Ill. 172.

The fact that the contract may have been fully performed within a year is immaterial; the omission in the written contract of a provision as to time for completion of the work or making payment is conclusive against a right to a lien, under the act of 1895. Kelley v. Northern Trust Co., 190 Ill. 401. The decree will be reversed and cause remanded.