70  591
132  481
70      591
189  ³151

## ANNIE A. GREENBAUM

*v.*

## SOLOMAN AUSTRIAN.

1. DOWER—*when it attaches.* The widow of one who, in his lifetime, had made a contract to purchase land, but had not paid the entire purchase money, is not entitled to dower in such land when there is not sufficient personal estate of the deceased, out of which to complete the payment of purchase money.

2. If, however, there is personal estate in the hands of the administrator, and he completes the payment of the purchase money, then the widow's dower will attach.

3. SAME—*what necessary to create, when the heirs perform the contract after the death of the ancestor.* Where a party made a contract for the purchase of land, and died before making full payment, if his heirs complete the payments, it is incumbent upon the widow to contribute her relative portion of the purchase money remaining unpaid at her husband's death, to entitle her to dower in the land.

4. CONTRACT—*rescission or specific performance, when minors are interested.* Where a contract for purchase and sale of land was entered into between two parties, and, before it was performed, the vendee died, leaving minor heirs, and the vendor filed a bill against the administrator and the guardian of the heirs, asking for a specific performance or a rescission of the contract, as the court might direct, the court should act for the best interest of the heirs; and if a rescission of the contract would best promote their interest, a decree to that effect should be entered. If, on the other hand, it would best promote the interest of the heirs, and the guardian has sufficient funds, the court should order him to pay the balance of the purchase money, and take a deed to the heirs, or the court should order that the interest of the heirs in the contract be offered for sale, and if it brought more than the sum the heirs would have to pay, that it be sold, and if not, then that the contract be rescinded.

5. But, in such case, where the personal estate of the deceased is not sufficient to pay the purchase money, and the vendor insists on a specific performance, the court will order the unconditional sale of the interest of the heirs in the contract.

6. BILL FOR SPECIFIC PERFORMANCE—*when prematurely brought.* When the vendee was to pay for the land within two years from the date of the contract, and he died soon after, and it appeared that there was not sufficient of his personal estate to make the payment provided for in the contract, a bill filed by the vendor against the heirs and administrator for a specific performance or rescission of the contract, before the expiration of the time fixed for payment by the contract, is premature; such bill can only be filed when the heirs are in default, and there can be no default until the time for payment has expired.

APPEAL from the Superior Court of Cook county.

Messrs. MOORE & CAULFIELD, for the appellant.

Mr. GEO. GARDNER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that Soloman Austrian, H. H. Walker and Jacob Greenbaum purchased 30 acres of land of A. V. Winston, for the sum of $30,000. The conveyance was made to Austrian. He paid on the purchase $10,000, and Greenbaum had his own note discounted, and paid $5000, being one-third of one-half of the purchase money. There was some arrangement between Austrian and Walker, which is immaterial in

this proceeding. Austrian gave his note to Winston for $15,000, the balance of the purchase money, due in two years, and it was agreed that Greenbaum should pay Austrian the further sum of $5000 within two years, for which he gave his note, and Austrian was to convey to him one-third of the land. Within six months Greenbaum died intestate. After his death, and after the maturity of the note which had been discounted to raise money to make the first payment, Walker, who had indorsed for Greenbaum, paid and took it up, and Austrian paid the amount to Walker, and received the note.

The estate of Greenbaum is solvent, but it consists of real estate, there not being enough of personal property to pay the debts. The claim of Austrian has not been presented or allowed against the estate. The bill offers to convey one-third of the land to the widow or the heirs, upon their paying the purchase money to Austrian. The last note had not matured when the bill was filed. There was but one witness as to the value of the property, and that was Walker, who fixes it at about double the sum it cost. It also appears that Austrian had offered, both to the administrators and the guardian of the heirs, to convey on the payment of the purchase money. The court decreed that, unless the money due on both notes should be paid, with the accrued interest, on or before the 16th day of June, 1873, then the widow and heirs should be forever barred and foreclosed from all right to a specific performance of the agreement; but if the money should be paid within that time, Austrian should make a conveyance according to the agreement.

The bill was filed one year and five days after the agreement was entered into, and the decree was rendered some sixteen or seventeen days before the second payment fell due. The note was given on the 15th of June, 1871, and was payable two years after date. The bill was filed on the 20th of June, 1872, and the decree was rendered on the 29th of May, 1873. It is urged that the decree is erroneous, and should be reversed. The widow, who appeals, insists that the court

38—70TH ILL.

should have decreed a specific performance of the agreement, and that the administrators or the guardian for the minors should pay the purchase money, and that dower should have been assigned to her.

Appellee offers to perform the contract, or rescind it, as may be determined by the court. In such a case, the court should, and always will, act for the best interest of the heirs. If the evidence had shown that their interest would be promoted by a rescission, then such a decree should be rendered. If, on the other hand, it had appeared that it would have been for the benefit of the heirs, and they had sufficient personal property for the purpose, the court would have decreed that the guardian pay the money due on the purchase, and receive a conveyance to the heirs. Or the court should have directed that the interest in the contract to purchase, by Greenbaum, should be offered for sale, and if more than the sum due on the purchase should be offered, that it then be sold, or if it failed to bring that amount, that the contract should be rescinded. But had Austrian insisted upon a specific performance of the contract, the court would then have been required to have decreed the unconditional sale of Greenbaum's interest in the property, inasmuch as there was not personal estate out of which it could be paid. But, as Austrian had given the option to either perform or rescind, the court was at full liberty to act for the best interests of the heirs.

But the widow claims that a specific performance should have been decreed, that her dower right might have been protected. We fail to see that she has any. At most, this is but a contract to purchase, and unless Greenbaum, in his lifetime, had paid the entire purchase money, and had thus become invested with an equitable fee, no right to dower attached at his death, and were the guardians required to perform the contract, the widow would have to advance her ratable portion of the unpaid purchase money, to become endowed in the premises. Equity and justice require this. The heirs should not be compelled to pay their money to

acquire lands, and then endow the widow in them. This would be manifestly unjust, as must be apparent to all persons.

Had the administrators been possessed of money of the estate, and had paid this purchase money and perfected the title, then the widow would have had dower in the land, for the obvious reason that funds would have been thus paid, one-third of which would have been her's, if not used for this purpose. But a court will never decree the sale of lands of the estate subject to the widow's dower, to pay the balance of the purchase money, simply to give her dower in the latter, as well as the tracts of land sold for the purpose. If such a sale were made, to perform the agreement, the widow would no doubt be required, before the sale, to elect in which she would take dower. She could not be endowed of both, unless she should contribute, of her own means, a proper proportion of the purchase money to perform the contract.

But in this case the bill was filed and the decree was rendered prematurely. The balance of the purchase money was not due even when the decree was rendered. The note was due in two years from date, whilst the bill was filed but a little more than one year after, and the decree was rendered some fifteen days before the maturity of the note. There is no doubt but Greenbaum's heirs had the right to have the contract performed according to its terms, and hence no decree could have been properly rendered before the expiration of the time they were required to pay, and not then, unless the original bill had been amended, showing that the heirs were in default. They could not be in default until the time had arrived when they were bound to perform their father's agreement. Had they filed a bill or a cross-bill, and Austrian had consented, then the contract could, on a proper showing, have been rescinded before the purchase money fell due, but not alone on this bill.

And for this error, the decree of the court below will be reversed, and the cause remanded with leave for complainant to amend his bill.                    *Decree reversed.*