### Martha C. Virgin

*v.*

### George Virgin, Admr. *et al.*.

*Opinion filed February 20, 1901.*

1. Dower—*section 5 of Dower act considered.* Section 5 of Dower act, providing that where the mortgagee of lands mortgaged by a husband prior to his marriage shall cause the lands to be sold the mortgagor's widow shall have dower in the surplus of the proceeds after satisfying the mortgage debt and costs, applies where such land is sold to pay debts under an order of court, obtained by the mortgagor's administrator in a proceeding wherein all the mortgagees were parties, and their rights as lienholders were insisted upon by them and established and protected by the decree.

2. Same—*in Illinois a wife's dower right is inchoate while husband lives.* In Illinois a wife whose husband is living has a mere inchoate right of dower,—an expectancy,—which does not vest or become property until the husband's death.

3. Same—*extent of wife's dower on sale of mortgaged premises.* In Illinois a wife who joins in the execution of a mortgage relinquishes her dower right so far as is necessary to satisfy the lien of the mortgage, and if the lands are sold after the husband's death to satisfy the mortgage, her inchoate right of dower becomes consummate only in the excess of the proceeds of the sale.

4. Same—*redemption does not discharge dower from lien of mortgagee.* Where a wife joins in a mortgage and the lands are sold, after the husband's death, to satisfy the mortgage, the fact that those who

succeed to the husband's fee title redeem the lands does not discharge the mortgage lien as to the dower, but the dowress must refund to the parties making redemption her proportionate share of the amount required to redeem, according to the dower interest, and a lien attaches in equity against such dower interest in favor of the person who redeems the land.

*Virgin* v. *Virgin*, 91 Ill. App. 188, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Morgan county; the Hon. CHARLES A. BARNES, Judge, presiding.

CYRUS EPLER, and JOHN A. BELLATTI, for appellant:

The dower right of a married woman in the real estate of her husband is a property right, and valuable, in law, during the life of the husband. Hurd's Stat. 1899, chap. 30, sec. 17; 2 Scribner on Dower, 266, 267; 10 Am. & Eng. Ency. of Law, (2d ed.) 142; *Sisk* v. *Smith*, 1 Gilm. 503; *Gore* v. *Townsend*, 8 L. R. A. 443.

When the wife pledges her separate estate for the debt of her husband she is entitled to the ordinary rights and privileges of a surety. *Neunceweiz* v. *Gahn*, 4 Paige, 641; 11 Wend. 312; *McFillin* v. *Hoffman*, 5 Cent. Rep. 837.

When a wife joins with her husband in the execution of a mortgage on his land to secure his debt, she stands, as to her dower right, in the position of a surety and is entitled to the ordinary rights of a surety; and all the interest of the husband in the land must be exhausted before any part of her dower right can be taken to pay the mortgage debt. *Mandell* v. *McClave*, 46 Ohio St. 407; *Purviance* v. *Emley*, 26 N. E. Rep. 167; *Kally* v. *Canary*, 29 id. 11; *Shobe* v. *Brinson*, 47 id. 625; 10 Am. & Eng. Ency. of Law, (2d ed.) 169, 170; *Gore* v. *Townsend*, 8 L. R. A. 443.

The dower right and interest of a wife in the land of her husband cannot be taken to pay the unsecured creditors of her husband, either in his lifetime or after his death. *Shobe* v. *Brinson*, 47 N. E. Rep. 625; *Sisk* v. *Smith*, 1 Gilm. 503; *Mandell* v. *McClave*, 46 Ohio St. 407.

When a man mortgages his land and afterward marries, his wife will be entitled to dower out of the lands mortgaged, as against every person except the mortgagee and those claiming under him. Hurd's Stat. 1899, chap. 41, sec. 3; 10 Am. & Eng. Ency. of Law, (2d ed.) 164; *Shope* v. *Schaffner*, 140 Ill. 470.

A wife joining her husband in the execution of a mortgage on his land does not thereby bar her dower right in the land, but merely pledges her dower right for the purposes of the mortgage; and such pledge is for the benefit of the mortgagee and those claiming under him, only, and cannot inure to the benefit of the unsecured creditors of the husband, either by way of grant or estoppel. Hurd's Stat. 1899, chap. 30, sec. 11; 2 Scribner on Dower, 250, 288, 289; *Kitzmiller* v. *VanRensler*, 10 Ohio St. 63; *Blain* v. *Harrison*, 11 Ill. 384; *Summers* v. *Babb*, 13 id. 483; *Shobe* v. *Brinson*, 47 N. E. Rep. 625; *Kally* v. *Canary*, 29 id. 11; *Purviance* v. *Emley*, 26 id. 167; *Gore* v. *Townsend*, 8 L. R. A. 443; *Roan* v. *Holmes*, 21 id. 180.

A wife who joins with her husband in the execution of a mortgage on his land is entitled, as against his unsecured creditors, to have dower out of the entire proceeds of the land paid to her out of the surplus after paying the mortgage. *People* v. *Stett*, 7 Ill. App. 294; 10 Am. & Eng. Ency. of Law, (2d ed.) 170, and cases cited.

EDWARD P. KIRBY, for appellees:

The right of dower in a married woman is a mere intangible, inchoate, contingent expectancy; and even in a widow, until it is assigned, it is no estate in the land, but it is a right resting in action only, and cannot be aliened. *Blain* v. *Harrison*, 11 Ill. 384.

Until assignment the widow's dower is merely inchoate. It is not the subject of sale and transfer until it is allotted. Although she may release the right to the owner of the fee, she can make no other disposition of it until set apart to her. *Hoots* v. *Graham*, 23 Ill. 81,

While the inchoate right of dower is not the subject of a conveyance until it has become consummate and has been allotted to the widow, still it may be released by the widow to the owner of the fee, or may be relinquished and pass with the fee, in the mode prescribed by the statute. *Robbins* v. *Kinzie,* 45 Ill. 354.

At common law, when the husband had executed a mortgage before marriage the widow was not dowable in the equity of redemption. In this country she has been held dowable if the heir redeems, but she is bound to contribute ratably towards the redemption; but her right to dower only arises upon a redemption by her husband or his legal representatives. *Burson* v. *Dow,* 65 Ill. 147; *Bird* v. *Gardner,* 10 Mass. 364; *Popkin* v. *Bumstead,* 8 id. 491; *Gibson* v. *Crehore,* 3 Pick. 475; *Jackson* v. *DeWitt,* 6 Cow. 316; *VanDyke* v. *Thayer,* 19 Wend. 162.

Where a party makes a contract for the purchase of land and dies before making full payment, if his heirs complete the payment it is incumbent upon the widow to contribute her relative proportion of the purchase money remaining unpaid at her husband's death, to entitle her to dower. *Greenbaum* v. *Austrian,* 70 Ill. 591.

The purchaser at an administrator's sale takes the interest of the decedent mortgagor in the lands, and occupies the same position, in this respect, as the heirs. As the widow joined her husband in executing the mortgage, in claiming dower she would be bound to contribute ratably toward the redemption of the mortgage. *Cox* v. *Garst,* 105 Ill. 342.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

The appellant is the widow of appellee's intestate. The husband, at the time of his death, was seized of the title to about 1200 acres of land in Morgan county. Prior to their marriage he had executed five several mortgages creating liens on different tracts of his land, and after

their marriage nine other mortgages on certain other of the tracts of the lands were executed by both the husband and the wife. The appellee administrator filed in the county court of Morgan county a petition, under the statute, for a decree authorizing and empowering him to sell the real estate of which his intestate died seized, in order to provide a fund wherewith to pay the debts of the deceased. The appellant (the widow) and the several mortgagees were made parties to this petition. On a hearing the relief asked for was granted. The decree found and recited the amount due each mortgagee, the date of the lien of each mortgage and the tracts of land to which the respective liens attached; that the appellant had, in a writing signed by her and filed in the cause, assented that her right of dower and estate of homestead should be sold by the administrator under the decree and the value thereof ascertained by the court and ordered by the court paid to her; that the mortgagees had consented that the lands should be sold free and clear of all mortgages, and the payment of the amounts, respectively, secured to them by their mortgages should be ordered paid to them out of the proceeds of the sale of the lands, and decreed that the lands be sold disencumbered of all mortgage liens, right of dower or estate of homestead, and that out of the proceeds of the sale the administrator should pay in full the amounts found due the respective mortgagees and bring the remainder into court, and that the amounts which the appellant should receive for her homestead and dower rights should be ascertained and determined by the court on the coming in of the report of sale. The administrator reported that he had sold the entire body of land for the aggregate sum of $77,000.73; that after paying the costs of sale and the amounts due the mortgagees, as specified in the decree, he held in his hands a balance of $13,929.80. The report was approved, no objection having been made by any of the parties. The county court, in ascertaining

the value of the dower interest of the appellant, ruled she was only entitled to dower in this surplus or excess remaining in the hands of the administrator. She contended she was entitled to be endowed out of the entire proceeds of the sale of the lands, and appealed to the Appellate Court for the Third District, and 'from an adverse decision of her contention in that court has prosecuted this appeal to this court.

As to the proceeds of the sale of the lands which her husband had mortgaged prior to their marriage, the contention of the appellant is met and overthrown by the provisions of section 5 of chapter 41, (2 Starr & Cur. Stat. 1896, p. 1463,) entitled "Dower." That section provides that if the mortgagee of lands mortgaged by a husband prior to his marriage shall cause the lands to be sold, either under a power of sale contained in the mortgage or decree of a court, the widow of the mortgagor shall be entitled to dower in any surplus of the proceeds of the sale of the mortgaged premises that may remain after the payment of the mortgage indebtedness and the cost and charges of the sale.

There is no force in the contention this section has application only when the decree under which the mortgaged land is sold was rendered in a cause instituted by the mortgagee, or those claiming under him, for the purpose of foreclosing the mortgage. The proceeding in which the decree in the case at bar was rendered contemplated and authorized the judicial appropriation, by way of sale, of the mortgaged lands to the payment and discharge of the mortgage liens. The mortgagees were made parties in order the priority of their liens and the amount of their indebtedness secured thereby could be judicially ascertained and determined and the land legally brought to sale to procure a fund to discharge such liens, and, as far as possible, all other indebtedness of the deceased mortgagor. A party to such a proceeding, though in form a defendant, who relies upon the lien of his mort-

gage and sets up his rights as such lienholder by way of a cross-petition or answer to the original petition, or who, on the hearing, under averments of the petition setting forth the existence of his mortgage, presents for adjudication his mortgage and the evidence of indebtedness which it secures, has caused the mortgaged lands to be sold, within the meaning of said section 5 of the Dower act. This section of the statute excludes the appellant from participation in the entire proceeds of the sale of such of the lands as were mortgaged previous to the marriage, and restricts her rights as by way of dower to the excess of such proceeds over the indebtedness secured by those mortgages and costs and charges of sale.

Nor do we think a different rule prevails relative to the proceeds of the sale of lands mortgaged after the marriage, in the execution of which she joined with her husband. The general rule is well stated in 10 Am. & Eng. Ency. of Law, (2d ed.) p. 169, as follows: "The general rule is, that when the husband has mortgaged his lands before coverture, or the wife, during the coverture, has united with him in mortgaging land belonging to him, and such land is sold under the mortgage, the widow, if the sale takes place after the death of the husband, and the wife, if the sale takes place before his death, in jurisdictions where the inchoate right of dower is regarded as such an interest as must be protected, is entitled to have her dower assigned or reserved from the surplus only, after paying the whole amount of the mortgage indebtedness." In some jurisdictions, as Indiana, and perhaps other States, where, under local statutes, the right of a wife to dower is absolute and vested during the lifetime of the husband, the wife who had joined with her husband in the execution of a mortgage on the land of the husband to secure his debt has been held and regarded as a surety for the husband, and entitled, in case the land is sold to discharge the mortgage indebtedness, to be endowed in the entire proceeds of the sale

as against every one save the mortgagee, and, though restricted to such surplus as may remain for payment of her dower interest, is entitled to have her dower computed on the basis of the amount of the entire proceeds of the sale of the mortgaged premises. (*Shobe* v. *Brinson,* 47 N. E. Rep.—Ind.—625.) In our State, the wife whose husband is living has a mere inchoate right of dower in his lands,—an expectancy,—which does not vest or become property until it is consummated by the death of the husband. (*Kauffman* v. *Peacock,* 115 Ill. 212; *Goodkind* v. *Bartlett,* 136 id. 18; *Kusch* v. *Kusch,* 143 id. 353.) Marriage does not, in this State, vest in the wife the absolute right to dower, but as an incident of the marriage she is given capacity to acquire the right in the event she shall survive her husband. In this State, a wife joining with her husband in the execution of a mortgage on the lands of the husband relinquishes her expectancy so far as necessary to discharge the lien of the mortgage. She is not a surety for her husband, but her inchoate or contingent expectancy of dower has been relinquished by her, and if her husband shall die and the mortgaged lands are, by due process of law, sold in order to discharge the mortgage debt, and the title thereto passes, her inchoate right to dower becomes consummate only in the excess of the proceeds of the sale. If those who succeed to the fee title of the husband redeem the land from such mortgage the dower is not thereby discharged of the lien, but the dowress must refund to the parties making the redemption her proportionate portion of the amount required to redeem, according to the dower interest, and a lien attaches in equity against such dower interest in favor of the person who has redeemed the land. *Greenbaum* v. *Austrian,* 70 Ill. 591; *Selb* v. *Montague,* 102 id. 446; *Cox* v. *Garst,* 105 id. 342; 1 Washburn on Real Prop. (2d ed.) 186.

The record presents no other question. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*