---

(No. 13562.—Reversed and remanded.)
SETH K. WADDILL, Appellant, *vs.* DANIEL B. WADDILL *et al.* Appellees.

*Opinion filed December 21, 1920—Rehearing denied Feb. 3, 1921.*

1. WILLS—*when widow may elect to take under section 10 or section 12 of Dower act.* On renouncing her husband's will, the widow, if there are no children or descendants of children living, may elect to take dower in the land and one-third of the personal estate under section 10 of the Dower act, or one-half of the real and personal estate, after payment of debts, under section 12 of the same act.

2. SAME—*form of renunciation is not conclusive in determining estate to which widow is entitled.* The language used in renouncing a will is not conclusive in determining the estate to which the widow is entitled as the law fixes what estate she shall take, and a statement in the renunciation that the widow elects to take her "dower and legal share" in her husband's estate does not establish that she has elected to take under section 10 of the Dower act and not under section 12.

3. SAME—*when a widow renouncing will is presumed to have elected to take under section 12 of the Dower act.* A widow who renounces her husband's will without specifying that she elects to take under section 10 of the Dower act will be presumed to have elected to take one-half of the estate under section 12 of the said act where there are no children or descendants of children and no debts against the estate, and where she continues to live on the premises until her death, exercising all acts of ownership and without any proceeding for assignment of dower or for partition.

APPEAL from the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding.

HARTZELL, CAVANAGH & MARTIN, and SCOFIELD & CALIFF, for appellant.

CONRAD G. GUMBART, guardian *ad litem,* for appellee Alpha L. Green.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Seth K. Waddill, filed his bill in the circuit court of McDonough county alleging title in himself and other heirs-at-law of Margaret K. Dull, deceased, to an undivided one-half of a tract of land containing 29.30 acres and a number of lots in the town of Tennessee, in McDonough county, and praying for partition. The defendants, except Alpha L. Green, who was a distracted person for whom a conservator had been appointed, were defaulted and a guardian *ad litem* was appointed for Green and made the customary answer. The issue was referred to the master in chancery, who took the evidence and reported the same with his conclusion that the heirs of Margaret K. Dull were the owners of one-half of the real estate and the remaining one-half was subject to a contingent remainder, so that it could not then be determined who would ultimately have the title, and he recommended partition as prayed. The chancellor sustained exceptions of Alpha L. Green to the report and dismissed the bill.

William M. Dull, the owner of the property, died on September 14, 1902, leaving Margaret K. Dull, his widow, and no child or descendant of a child, and leaving a last will and testament, by which, after providing for the payment of debts, he disposed of his estate as follows:

"After the payment of all my just debts and expenses of administration by my executors hereinbefore named, the

rest and residue of my estate, real, personal and mixed, I give, devise and bequeath the use of the same to my wife, Margaret K. Dull, to have and to hold the same to her use for and during her lifetime; that my executors hereinafter named shall take ·full. charge and control of the property, and after allowing her to occupy my homestead shall rent and put at interest the remainder of my estate and pay all the income to my said wife, except repairs, taxes and executors' fees hereinafter provided for, for her use, provided that she shall accept the same in full of all her statutory rights in my estate, and provided that she shall give to Alpha L. Green a home, the same as I have given him a home; but should my said wife renounce this will, then I give, devise and bequeath the use of all of my estate which the law does not give to my said wife to the said Alpha L. Green for and until he became fifty years old, then to him, his heirs and assigns forever, but should he not live to be fifty years old, then to him for his life, only, and then to my brothers and sisters absolutely, as hereinafter provided; and should my said wife, Margaret K. Dull, not renounce this will, then at her death I give, devise and bequeath the use of all my estate, real, personal and mixed, including the unexpended portion of any rents and profits, to the said Alpha L. Green, to be managed as aforesaid and paid to him by my executors for and until he becomes fifty years old, then to him, his heirs and assigns forever, and should he die before he becomes fifty years old and my said wife is then dead or living and has renounced the will, then all of my estate aforesaid, or in case of the said renunciation, then the part unaffected by the renunciation, I give, devise and bequeath in equal portions to my brothers and sisters, and should any of them at that time be dead, then the share of such a deceased one shall go to his or her children absolutely."

At the October term, 1902, of the county court Margaret K. Dull filed in said court her renunciation, contain-

ing a copy of said provision, and renouncing the provisions of the will in the following language: "Which said provision so made, I, Margaret K. Dull, widow of the said William M. Dull, deceased, of said county, do not accept in lieu of my dower interest in the estate left by said William M. Dull but hereby renounce the said provision, and shall and do insist upon all my right under the statute of the State of Illinois and claim or dower in the estate of the said William M. Dull, deceased, to which I may be legally and justly entitled, notwithstanding any provision in the said will to the contrary; and I desire that this my renunciation be entered of record, and do hereby renounce and quit all claim to the benefit of any jointure given or assured to me in lieu of dower or any devise or other provision made to me by the last will and testament of William M. Dull and elect to take in lieu thereof my dower and legal share in the estate of said William M. Dull."

The renunciation concluded practically in the form prescribed by the statute, and by it Margaret K. Dull stated that she elected to take in lieu of the provisions made for her in the will her dower and legal share in the estate. But the language used is of no importance in determining to what estate she became entitled. Upon the filing of her renunciation the law fixed what estate she should take, and she became entitled to it whether she claimed it specifically or not in her renunciation. Any statement that she elected to take dower would not prevent her from taking as heir where her husband left no issue or descendants, and her rights were not affected by claiming or omitting to claim any specific estate. (*Evans* v. *Price,* 118 Ill. 593.) In the case of *Gullett* v. *Farley,* 164 Ill. 566, it was decided that where no child or descendant of a child is living, a widow in renouncing the provisions of her husband's will may either claim dower and one-third of the personal estate under section 10 of the Dower act, or one-half of the real and personal estate after the payment of debts under sec-

tion 12 of the same act. In that case there were words in the renunciation indicating an intention to claim under section 12 which are absent in this case. What had been said in *Evans* v. *Price, supra,* was indorsed, and it was held that no violence was done to the renunciation by rejecting the word "dower" in the renunciation and holding that the widow elected to take one-half of the real and personal estate. No weight, therefore, is to be given to the form of the renunciation of Margaret K. Dull and her intention must be otherwise ascertained.

The nature of the estate which Margaret K. Dull intended to claim may be determined by her acts and declarations illustrative of the acts and what one would do or be likely to do under like circumstances. A widow renouncing the provisions of a will in lieu of dower ordinarily makes the renunciation to better herself in the exercise of her choice whether to accept the provisions or claim her rights under the statute. The dower of the widow is not subject to debts of the estate, while the estate given by section 12 is subject to the payment of all just debts and claims against the estate, so that there might be a case where dower would be worth more than a share of the estate. In this case there were no claims filed against the estate of William M. Dull, so that by taking one-half under section 12 it would be free from any debts or claims. The widow was given a life estate in all the property, with the provision that she should give Alpha L. Green a home the same as the testator had. Green had been taken into the family when a child and at the death of William M. Dull was nearly thirty years old. Presumably he would continue as a member of the family and does not appear to have been burdensome. The evidence was that he was bright enough but had no faculty for handling money and always expected someone to tell him what to do, and that he stayed with the widow after the death of the testator just as he had before and never did any business unless

under her direction. It would be quite unusual for a widow to renounce a will for the purpose of taking less than the will gave her, and that would have been the result in this case if she took only dower.

Aside from probabilities, Margaret K. Dull, after filing her renunciation, took possession of all the real estate, insured the buildings and exercised all the rights of an owner until her death, which occurred on February 13, 1912. Alpha L. Green lived with her on the premises, and there was never any proceeding for the assignment of dower or for partition. The presumption of an election to take one-half of the estate under section 12 arises from the facts stated, which are sufficient to show that Margaret K. Dull became the owner of one-half of the land in fee, which upon her death intestate descended to her heirs.

The decree is reversed and the cause remanded.

*Reversed and remanded.*