(No. 14477.—Judg nent affirmed.)
STANISLAW ZAKROCZYMSKI, Exr. Appellant, *vs.* JULIUS
ZAKROCZYMSK I, Appellee.

*Opinion filed April 19, 1922—R hearing denied June 8, 1922.*

1. STATUTES—*re-enacted statut will be given its former con- struction.* Where the legislature h; s re-enacted in substantially the same words a law which has beei judicially construed it will be presumed that the provision was r -enacted in view of the mean- ing which has been given to it by he court.

2. DOWER—*surviving husband, mitted from wife's will, is en- titled to share in personal propert*; Since the enactment in 1872 of the statute giving a husband a d wife the same rights of in- heritance, and the re-enactment, in 874, of section 10 of the Dower act, a surviving husband who has b en omitted from his wife's will giving all her property, which con isted entirely of personalty, to her children, is entitled to one-th rd of the personal estate, the same as if the wife had died intes ate. (*In re Taylor's Will,* 55 Ill. 252, followed.)

THOMPSON and FARMER, JJ., di senting.

APPEAL from the Second Iranch Appellate Court for the First District;—heard in hat court on appeal from the Circuit Court of Cook cou ity; the Hon. THOMAS G. WINDES, Judge, presiding.

HENRY N. MILLER, for app llant.

GIBSON & SCHWABA, for ap pellee.

Mr. JUSTICE DUNN delivere 1 the opinion of the court:

Teofila Zakroczymski died leaving her husband and three sons her heirs and leavin; an estate of several thou- sand dollars, consisting wholly f personal property, which she bequeathed by her will to h( r three sons in equal parts, making no mention of her hust ind. The executor filed in the probate court of Cook cour :y his final report showing distribution of the estate to th( three sons. The husband claiming to be entitled to one-t iird of the estate after the

payment of debts objected to the report, his objection was sustained, and the executor was directed to reform his report by deducting from the items paid to the sons an amount equal to one-third of the estate and pay that amount to the husband. On appeal to the circuit court the same order was made. A part of the estate consisted of a note for $2000, inventoried as unsecured and desperate, which the executor had delivered to the sons as a part of the estate, and the effect of the order of the court was to charge him with its amount as cash. The Appellate Court on appeal agreed with the circuit court on the main question but found that it was error to charge the executor with this worthless note, and for this error, only, reversed the judgment and remanded the cause to the circuit court, with directions to require the executor to collect the note, if possible, and then distribute the proceeds, one-third to the surviving husband and two-thirds in accordance with the provisions of the will. The executor having obtained a certificate of importance, has appealed to this court.

The question for decision is whether a surviving husband is barred from all interest in the estate of his wife whose will makes no provision for him, where the estate consists of personal property, only.

The descent of property is regulated wholly by statute. Before July 1, 1872, a husband took no interest, by reason of his wife's death, in her property, real or personal, where she left children surviving. A widow, however, was entitled to a life estate in one-third of her husband's lands if he died intestate, which was called dower, and one-third of his personal estate after the payment of debts. The statute on wills authorized the husband to dispose of all his property, real and personal, by will, but this right was limited by section 10 of the Dower act, which provided: "Every devise of land, or any estate therein, by will, shall bar her dower in lands, or of her share in personal estate, unless otherwise expressed in the will; but she may elect

whether she will take such de ise or bequest, or whether she will renounce the benefit of such devise or bequest, and take her dower in the lands, a: d her share in the personal estate of her husband." If tl e will made any devise of land to her it barred her inter st in both the real and personal estate if she accepted th provision, but she had the privilege to elect whether she w uld take the provision made in the will or her dower and on -third of the personal property. In this condition of the aw a case arose in which a testator in 1867 made a will ontaining this declaration: "Second.—It is my will that r y wife, Margaret N. Taylor, shall have and take of th property of which I may die possessed, only so much th reof as by the law of the land she may be entitled to, s ie being possessed of considerable property in her own : ight. I therefore make no bequest or devise to her." Tl e wife claimed dower and one-third the personal estate, l it the objection was made that the estate was not intestate and the Statute of Descent applied only to cases of intesta :y; that she could not renounce the will and elect to tak her dower in the land and one-third of the personalty, as t e statute only provided for a widow doing so where her : usband's will had made a devise of land, or some estate therein, to his wife. The court, construing the statute, h ld that "where a husband makes a will but makes no dev se or bequest to his wife, his estate as to her is intestate to the extent of her legal claims, and that under our law i is not in the power of the husband so to dispose of his est te as to deprive his widow of the third of the personal pr perty remaining after the payment of his debts, and tha there is one-third of the realty beyond his disposal by wi unless a devise or bequest to the wife be made therein whic 1 she is willing to and does accept." (*In re Taylor's Will,* 5 ; Ill. 252.) This construction of the statute has been foll wed by the courts in later decisions and has been universa ly regarded as the settled law of this State. *Laurence* v. *Balch,* 195 Ill. 626; *Rich-*

*ardson* v. *Trubey,* 240 id. 476; *Bennett* v. *Bennett,* 282 id. 266.

In 1872 the act in regard to the descent of property was passed, which gave the husband and wife for the first time the same rights of inheritance. The Dower act was not amended and the husband's estate of curtesy in the wife's land and her dower in his land were not affected. In 1874 the Dower act was amended, the husband's estate of curtesy was abolished and the same right of dower was given to the husband and wife in the lands of the other. Section 10 was re-enacted with some changes not material to the question here and appears in the Revised Statutes of 1874 as follows: "Any devise of land, or any estate therein, or any other provision made by the will of a deceased husband or wife for a surviving wife or husband, shall, unless otherwise expressed in the will, bar the dower of such survivor in the lands of the deceased, unless such survivor shall elect to and does renounce the benefit of such devise or other provision, in which case he or she shall be entitled to dower in the lands and to one-third of the personal estate after the payment of all debts."

The omission of the words "or of her share in personal estate" is immaterial, because it was only in the case of intestate estates that section 43 of the Statute of Wills, which declared the rule of distribution of intestate estates, provided that a widow should receive one-third of the personal estate, and both before and after 1872 it was only by the last clause in section 10 of the Dower act that a widow was entitled to take her share in the personal estate where the estate was testate. Where the legislature has re-enacted in substantially the same words a law which has been judicially construed, it will be presumed that the provision was re-enacted in view of the meaning which has been given to it by the court. (*Kelley* v. *Northern Trust Co.* 190 Ill. 401; *McGann* v. *People,* 194 id. 526; *Spiehs* v. *Insull,* 278 id. 184; *People* v. *Stewart,* 281 id. 365.)

Section 10 of the act must therefore be regarded as having the meaning which had been perviously given to it by the construction in the *Taylor case.* The decision of the court in that case at the time it was rendered had no application to the rights of a surviving husband, but since the change made by the statute of 1872 in regard to the descent of property and the dower of the husband in his wife's real estate the situation is exactly the same in the case of the husband as in that of the wife, and that decision is applicable to the case of the former as well as to that of the latter.

No cross-error is assigned as to the action of the court in regard to the uncollected note.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

THOMPSON and FARMER, JJ. dissenting:

The question here presented for decision, as we view it, has never been decided by this court. The decisions cited in support of the conclusion reached are not in point.

The *Taylor case, supra,* involved a will made in 1867 and the case was decided by his court in 1870,—two years before our present Statute of Descent was enacted and four years before our present Dower act became a law. The decision is based on the obsolete doctrine of widow's thirds, which the court held was established in this State by the Ordinance of 1787, which, after regulating the descent and distribution of intestate property, made this declaration: "Saving in all cases to the widow of the intestate her third part of the real estate for life and one-third part of the personal estate," which provision was carried into the laws of this State in 1819. A more comprehensive provision was enacted by the General Assembly of this State in the laws of 1829 and 1847, where the word "dower" was declared to include one-third of the personal estate. The Statute of Descent of 1872 has no such saving clause in favor of the

widow, and there has never been such a provision in the laws of Illinois in favor of a widower. The opinion is based on the theory that "it is the common law in this State" that the widow in all cases is entitled to one-third of the husband's real estate for life and one-third of his personal estate forever, which shall remain after the payment of debts, unless the husband shall by his last will and testament make some devise or bequest to her which she is willing to accept. It might have been said with propriety at that time that it was the public policy of this State to protect the widow's thirds, but it certainly could not be said on authority that it was the common law of the State, because the State does not get its common law from the Ordinance of 1787 or from any other ordinance or statute enacted by a legislative body in this country. The *Taylor case* is further distinguishable from the case at bar for the reason that the testator mentioned his wife in his will and declared that she should have so much of his property as she was entitled to under the law. The real question, therefore, decided in that case was the amount of property which the testator intended to give to his widow. Whatever may have been the intent of the testator in the *Taylor case*, there can be no doubt that in the case at bar the testatrix intended that her husband should have no part of her estate.

The facts in the case of *Laurence* v. *Balch*, cited by the court, presented for decision the question presented here, but the court did not consider or decide it. Counsel admitted in that case that the surviving husband was entitled to some of the personal property of testatrix, and the only question argued and presented to the court for decision by the briefs of counsel was whether he was entitled to one-third of the personal property or to all of it. The court was not asked to determine whether the widower took nothing, and we are not to assume that the court would have decided the case as it did if the question had been properly presented.

In *Richardson* v. *Trubey, si pra,* the testatrix died owning both real and personal prope ty and gave to her husband by her will whatever interest in her estate he was entitled to under the law. The court decided that it was her intention, the whole will being considered, to give him what he would have taken by renouncing the benefit of a provision of a will making provision for him and taking the share which he would have been entitled to under section 10 of the Dower act. Real estate wa involved in that case, and she could not have deprived hi n of his rights in her real estate except by making provision for him in her will which he was willing to accept. The question decided in that case is not the question in this case, and though language was used in the opinion which does bear on the question presented here, it was dictum and is not controlling. *Bennett* v. *Bennett, supra,* presented similar questions for decision and is not in point.

The Statute of Descent has no application whatever to the question presented and need not be considered.

The Dower act, according to its title, purported to revise the law in relation to dower only, and does not in any respect purport to revise the law in relation to personal property, wills or descent. Section of the Dower act has no bearing on the question presented because no real estate is here involved. Section 10 of the Dower act provides: "Any devise of land, or estate therein, or any other provision made by the will of a deceased husband or wife for a surviving wife or husband, shall, unless otherwise expressed in the will, bar the dower of such survivor in the lands of the deceased, unless such survivor shall elect to and does renounce the benefit of such devise or other provision." Where no provision is made in a will which the surviving spouse may take in lieu of dower this section does not create in the surviving wife or husband any interest in the real or personal property of the deceased. It simply provides a method by which the surviving spouse can relinquish

dower after the death of the deceased. A husband or wife cannot deprive the other of dower in his or her lands by making a transfer by deed, will or otherwise. If the transfer is made during the lifetime of the proprietor, the husband or wife, as the case may be, must join in the instrument of conveyance and relinquish dower in legal form. If the transfer is made by will the surviving spouse may relinquish dower by accepting the provisions made for him or her by the will of the deceased. If these provisions are not satisfactory, section 10 of the Dower act gives a surviving spouse the right to renounce the provisions of the will, and the last clause of section 10, "in which case he or she shall be entitled to dower in the lands and to one-third of the personal estate after the payment of all debts," simply provides a share of the estate which the surviving spouse may take in lieu of the share given by the will. Where no provision is made by the will of a deceased husband or wife for the surviving wife or husband, section 10 of the Dower act has no application whatever. In such case the surviving spouse takes dower in the real estate not by virtue of section 10 but by virtue of section 1 of the Dower act, and he or she takes no interest whatever in the personal estate of the deceased.

Personal property is free from any interest corresponding to dower. Neither the husband nor wife has any right, inchoate or otherwise, to any share of the personal property of the other which the other cannot defeat. Neither has any right of dower therein. The owner, whether husband or wife, can dispose of his or her personal property according to his or her own whim and pleasure and die leaving no personal property to be distributed among the surviving spouse and the children. Such an unrestricted right of disposition is manifestly inconsistent with the idea of a fixed and vested right on the part of either spouse to the personal property of the other. (*In re Taylor's Will, supra; Padfield* v. *Padfield,* 78 Ill. 16; 13 R. C. L. 1078; 10 Am.

& Eng. Ann. Cas. 1053, note.) Section 10 of the Dower act, therefore, has no application to personal property, because the dower referred to in said section relates to dower in lands. There being no dower in personal property there is none to bar. We are not left in doubt in this matter, for the language of the section itself says that the acceptance of the provision made by the will shall "bar the dower * * * in the lands of the deceased." Since neither spouse has any interest in the personal property of the other during the lifetime of the owner, by what law does the surviving spouse get title to any portion of the personal property of the deceased where the deceased dies testate? There is certainly no provision in the Dower act which gives the surviving husband or wife such title. Section 10 of the Dower act now in force does not recognize any interest of the surviving spouse in the personal estate of the deceased, as the same section in the act of 1845 in force when the *Taylor case* was decided, did. The section then provided: "Every devise of land, or any estate therein, by will, shall bar her dower in lands, *or of her share in personal estate,* unless otherwise expressed in the will; but she may elect whether she will take such devise or bequest, or whether she will renounce the benefit of such device or bequest, and take her dower in the lands, and *her shar in the personal estate* of her husband." The law of this state at the time the *Taylor case* was decided specifically recognized the widow's interest in her deceased husband's personal estate, and that decision must be construed in the light of the law then in force. It is not authority for the proposition that the widower takes a third of his deceased wife's personal estate where she dies testate owning personal property only, and makes no provision in her will for her surviving husband.

We recognize the fact that the bar has generally understood the law to be as it is stated in the principal opinion. This is probably due to the dicta appearing in three or four opinions of this court to that effect, but that affords no rea-

son for our declaring as the law that which is not the law and which has never been the law of this State. We have repeatedly said that the fact that the bar and the courts have for a long time assumed the law to be what it is not, does not change the true law. When the question is finally squarely presented to us it is our duty to declare the law as we find it. Two recent cases will serve to illustrate our point. (*People* v. *Russel,* 245 Ill. 268; *Prall* v. *Burckhartt,* 299 id. 19.) This case does not present a question of statutory construction. The court is asked to declare as law that which has been heretofore assumed to be the law when no foundation in law existed for such assumption.