**MAYER et al. v. REINECKE.**
**No. 7866.**

Circuit Court of Appeals, Seventh Circuit.
June 23, 1942.

Rehearing Denied July 24, 1942.

Gerald L. Wallace, Samuel O. Clark, Jr., and J. Louis Monarch, Asst. Attys. Gen., Julian G. Gibbs and Robert R. Barrett, Sp. Assts. to Atty. Gen., J. Albert Woll, U. S. Atty., and Joseph M. Solon, Asst. U. S. Atty., both of Chicago, Ill., for appellant.

Isaac H. Mayer, Carl Meyer, Frederic Burnham and Louis A. Kohn, all of Chicago, Ill., for appellees.

Before EVANS and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

We are asked to decide whether an Illinois decedent's gross estate, for federal estate tax purposes, should include the value of the widow's dower and her statutory one-third interest in the personalty.[1]

Plaintiffs as testamentary trustees sued the Collector for the recovery of an alleged overpayment of estate taxes, after the Commissioner had rejected their refund claim premised upon the theory that the value of these marital interests was improperly included in the gross estate. The trial court overruled the Government's demurrer and proceeded to try the case. It entered judgment for the plaintiffs and the Government appeals.

The decedent, Levy Mayer, died testate on August 14, 1922, leaving his widow and two daughters as the principal beneficiaries under the will. October 16, 1922, the will was admitted to probate by the Cook County Probate Court, and letters testamentary were issued to the executors, who duly accounted for all of the estate's property and distributed it according to the will. The Probate Court discharged the executors on December 30, 1925, and, pursuant to that court's order and the provisions of this will, turned over the balance of the estate to the trustees named in the will.

The will provided a substantial legacy for the widow and in addition directed the trustees to pay her a life income from one-half of the residuary estate, and if such trust income was insufficient to meet "her needs and requirements," the will authorized the trustees "in their discretion to use any portion of the principal" of such one-half of the residuary estate for that purpose.

By § 10 of the Dower Act, c. 41, § 10 et seq., 41 Smith-Hurd Annotated § 11, these testamentary provisions for the widow barred her dower, unless she renounced in writing their benefits so as to become entitled to dower in the lands and to one-third of the personal estate after the payment of all debts. Moreover, if the renunciation was not within one year after letters testamentary were issued, she would be deemed to have elected to take under the will. The widow made no such renunciation and took under the will.

Initially, we must determine whether this acceptance of the will by the widow or the antecedent execution of the will by the decedent affects the estate tax significance of the value of the marital interests.

It is clear that if either of these events controlled the taxable status of the decedent's property, the entire value of the realty and personalty covered by the will would be includible under § 402(a) and the marital interests would be of no moment.

The taxing statute here involved requires that the taxable status of the decedent's property be determined as of the time of his death. We may not substitute the now certain fact of the widow's acceptance of the will for that which was a mere possibility at the time of the decedent's death; the subsequent renunciation of the marital interests can not affect the value of the estate subject to tax. Nor can the decedent's execution of a will obviate the problem of whether the value of the marital interest is to be excluded from the gross estate. The widow's dower and statutory share existed to the extent that the decedent could never make an effective testamentary disposition of his estate in derogation of her rights. Therefore, at the decedent's death, it could not be said that all of the property passed under the will, for the wife might not be willing to give up her rights for any testamentary offer of her spouse. This reality existed at the decedent's death and should prevail. Section 10 of the Dower Act does not require the contrary; it merely provides a more simplified procedure of election than

---

[1] The Revenue Act of 1921, c. 136, 42 Stat. 227, provides:

"Sec. 402. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate;

"(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy."

the familiar election in equity between the marital rights and the inconsistent provisions of the will, Davis v. Mather, 309 Ill. 284, 288, 141 N.E. 209.

■ We conclude that neither the execution of a will nor the widow's acceptance of it eliminates the problem of whether the gross estate should include the value of the marital interest. Cf. Briscoe v. Craig, 6 Cir., 32 F.2d 40; Schuette v. Bowers, 2 Cir., 40 F.2d 208.

■ State law creates the marital interests and determines the quality and quantity of the interest of each spouse in the property of the other. Our task is to ascertain the quality and quantity of these interests under Illinois law and then to determine by the criteria of the estate tax law whether they are among the objects Congress intended to tax. Allen v. Henggeler, 8 Cir., 32 F.2d 69, 71.

Section 402 provides that the gross estate shall include the value, at the time of the decedent's death, of all property, real or personal, "(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, * * * or by virtue of a statute creating an estate in lieu of dower * * *." The plain mandate of this section is that the value of the widow's dower at her husband's death be included in the gross estate.

■ The estate tax is an excise upon the transfer of an estate at the death of the owner: it fixes upon the interest which ceased by reason of the death, rather than the interest to which some person succeeded on death. Y. M. C. A. v. Davis, 264 U.S. 47, 50, 44 S.Ct. 291, 68 L.Ed. 558; Edwards v. Slocum, 264 U.S. 61, 62, 44 S.Ct. 293, 68 L.Ed. 564. The reference in § 402(b) to the dower interest of the surviving spouse is in no way a departure from the fundamental excise character of the tax; the statute does not tax the widow's dower, it merely uses it as a measure of that part of the deceased husband's interest in his realty which was beyond his testamentary control and which ceased at his death. The quality and quantity of the widow's dower under Illinois law are therefore of importance only to the extent that they may indicate an interest of the husband which ceased at his death.

■ In Illinois, it is clear that before the husband's death, the wife "has a mere inchoate right of dower in his lands,—an expectancy,—which does not vest or become property until it is consummated by the death of the husband. * * * Marriage does not in this state vest in the wife the absolute right to dower, but as an incident of the marriage she is given capacity to acquire the right in the event she shall survive her husband," Virgin v. Virgin, 189 Ill. 144, 151, 59 N.E. 586, 587, and before the husband's death, the wife can bring no action for it. Bigoness v. Hibbard, 267 Ill. 301, 108 N.E. 294, cf. Bennett v. Bennett, 318 Ill. 193, 197, 149 N.E. 292. Thus the husband has the right to the full, exclusive possession of his realty and to any income which it might produce. These substantial incidents of ownership exist notwithstanding the wife's inchoate dower. Upon his death, substantial property rights are transferred to the surviving spouse and she becomes entitled to a one-third life estate in the property—an interest that is no longer "an intangible contingent expectancy."

In Billings v. People, 189 Ill. 472, 478, 479, 59 N.E. 798, 800, 59 L.R.A. 807, the widow renounced the provision made for her in the will and elected to take her dower and legal share in the estate under the Dower Act. She claimed her dower interest did not so pass by will or intestate laws. The court, in disposing of her contention, says: "This doctrine [i. e., that she took as purchaser] need not be questioned here. It is often applied in adjusting the equities of the widow, heirs, and others succeeding to the estates of deceased persons. But we cannot agree to the view that it is applicable against the state, where the question is not only one of power of the state to tax her succession to such an estate, but of the interpretation of a statute designed to exercise such power, and to make the tax uniform in its operation. In a certain sense, and in her relation to the testator and those claiming under him, she may well be regarded as a purchaser, and the will and her acceptance a matter of contract or convention between them, by which she becomes entitled to the property and her rights thereto protected. But the question here is not one having reference to the adjustment of the equitable rights of different persons succeeding to the property of a deceased person, but one arising between the claimant and the state; that is, whether or not the property falls within a general class upon which, or upon the succession to which, a tax is imposed for public revenue. The statute is

comprehensive, and was designed to embrace, as nearly as practicable, all property passing from a person, upon his death, by will or intestacy, except such as the statute exempts."

█ Although the Illinois Court was construing a succession tax rather than an excise, the case is nevertheless significant because it clearly shows that upon the death of the husband his surviving wife succeeded to an interest that was subject to the Illinois tax. The estate tax is upon a transfer or shifting in the relationship to property occasioned by an individual's death; the particular interest of the decedent which ceased at his death was a legitimate object for the imposition of the excise, cf. Allen v. Henggeler, supra; no constitutional right was invaded. Since the tax is imposed upon the transfer of an interest by death, the fact that the property was purchased before the statute was passed is of no constitutional moment. The crucial fact is that the statute was passed before the death of the owner of the land.

The remaining question is whether the value of the widow's statutory share in the personalty was improperly included in the gross estate of the decedent. If this interest was subject to the payment of expenses of administration, its value was includable under § 402(a).

Section 10 of the Dower Act defines the widow's interest as "one-third of the personal estate after the payment of all debts." Our problem is to determine whether the word debts in this section means only the obligations incurred by the decedent or whether it also includes those incurred by the executor.

There are no Illinois decisions which squarely decide to what "debts" the widow's testamentary share is subject. However, recurring in the reports are dicta and tacit holdings that her one-third interest is subject to all debts of the estate, those of administration as well as those incurred by the decedent. For example, in Laurence v. Balch, 195 Ill. 626, 63 N.E. 506, 508, a surviving husband claimed the entire personalty of his wife who had made no testamentary provision for him. The trial court held he was entitled to only one-third of the personal property "after the

payment of debts and costs." The Appellate Court affirmed an order to this effect, 98 Ill.App. 111, and the Supreme Court affirmed, saying at page 630 of 195 Ill., at page 508 of 63 N.E.: "The appellant, under section 10 of the Dower act, is entitled to one-third of the personal estate after payment of debts and costs."[2] The use of the phrase "debts and claims" in § 12 of the Dower Act in no way proves that the use of only "all debts" in § 10 was to subject the statutory third to only the debts of the decedent. As a matter of fact, discussions of § 12 frequently refer to that interest provided therein as being "after the payment of debts." Waddill v. Waddill, 296 Ill. 204, 207, 208, 129 N.E. 531, 532. In such use there is a further demonstration that the accepted meaning of the word "debts" in the Dower Act includes the expenses of administration as well as the obligations of the decedent.

█ We conclude that the widow's share is one-third of the personal estate after the payment of debts of the estate and not merely those of the decedent. Under § 402(a), the value of the interest must be included in the gross estate.

The judgment of the District Court is reversed. It is so ordered.

---

2 For further instances of the use of the word "debts" so as to include more than the obligations of the decedent cf. In re Taylor's Will, 55 Ill. 252; Zakroczymski v. Zakroczymski, 303 Ill. 264, 135 N. E. 398; Saunders v. Saunders, 310 Ill. 371, 372, 141 N.E. 708.